Citation Nr: 1101575 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 10-01 066 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for right shoulder strain.

2. Evaluation of Lyme disease, currently rated noncompensable.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Hager, Counsel





INTRODUCTION

The Veteran had active service from May 1986 to September 1991, 
from January 2003 to July 2003, and from February 2008 to 
February 2009.

These matters come before the Board on appeal from an August 2009 
rating decision of the Department of Veterans Affairs (VA) 
Regional Office (RO) in Houston, Texas. In that decision, the 
RO, among other things, denied entitlement to service connection 
for right shoulder strain and granted service connection for Lyme 
disease and left ear hearing loss, assigning noncompensable 
ratings for each of these two disabilities.

The Veteran appealed the denial of service connection and the 
assigned ratings. However, after the RO issued a statement of 
the case, the Veteran, in his January 2009 substantive appeal (VA 
Form 9) indicated that he was only appealing the denial of 
service connection for right shoulder strain and the rating 
assigned for Lyme disease. Consequently, the Veteran did not 
perfect an appeal of the rating assigned for left ear hearing 
loss, and that issue is not before the Board. See 38 C.F.R. § 
20.202 (2010) (allowing for substantive appeal to specifically 
identify issues being appealed).

The claims are REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the Veteran if 
further action is required.


REMAND

Although he indicated in his substantive appeal that he did not 
desire a Board hearing, the Veteran sent a March 2010 letter 
requesting a hearing before a Veterans Law Judge of the Board at 
the RO, i.e., a Travel Board hearing.

As the Veteran has the right to a Travel Board hearing, a remand 
is required for such a hearing to be scheduled. See 38 U.S.C.A. 
§ 7107(b) (West 2002); 38 C.F.R. § 20.700(a) (2010).

Accordingly, the claims are REMANDED for the following action:

The Veteran should be scheduled for a 
Travel Board hearing. 
 
The Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) 
(2010).